UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **JEFF SPRINGMAN, Individually and LINDY LONG as Next Friend for O.G. Springman (a minor),**<br>*Plaintiffs*, | § § § § § | |
| vs. | § § | CIVIL ACTION NO.: 4:23-cv-00014 |
| **DIAMONDBACK E&P LLC and PILOT TRAVEL CENTERS LLC,**<br>*Defendants.* | § § § § | |

### DEFENDANT PILOT TRAVEL CENTERS LLC'S ANSWER

TO THE HONORABLE JUDGE:

COMES NOW Defendant Pilot Travel Centers LLC ("Pilot") and files this its Original Answer, Subject to Petition to Compel Abatement, in response to Plaintiffs' last known pleading in this case[1] pursuant to the Court's order (*see* Dkt. No. 3), and in support thereof would respectfully show the Court the following:

**I.**
**ANSWER**

**1.00   Discovery Control Plan.**

1.01   This paragraph appears to be instructions to the Court and not allegations that require a response, but to the extent a response is required, Pilot admits the allegations.

---

[1] Plaintiffs originally filed this case in the 143rd District Court of Reeves County, Texas, Cause No. 21-07-24042-CVR, and their last known pleading at the time of this filing is Plaintiffs' Second Amended Petition, which was attached to Pilot's Notice of Removal.  *See* Dkt. No. 1-9.

**2.00    Parties – Plaintiffs.**

2.01    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.01 and therefore denies these allegations.

2.02    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.02 and therefore denies these allegations.

**3.00    Parties – Defendants.**

3.01    Pilot admits only that Defendant Diamondback E&P LLC ("Diamondback") has appeared and answered in the state court litigation.  Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3.01 and therefore denies these allegations.

3.02    Pilot admits the allegations in paragraph 3.02 alleging that Pilot is a Delaware limited liability company that does business in Pecos, Reeves County, Texas, that Pilot employed Plaintiff Jeff Springman, and that Pilot has appeared and answered in this litigation and may be served via court normal filing systems.  Pilot denies the rest of Paragraph 3.02.

**4.00    Jurisdiction and Venue.**

4.01    Pilot admits only that it has a trucking yard located in Reeves County, Texas.  Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations that Defendant Diamondback made representations to Plaintiff, that Reeves County was the location where any events giving rise to Plaintiffs' claim occurred, and that Defendant Diamondback does business in Reeves County, Texas, and therefore Pilot denies these allegations.  Pilot denies the rest of Paragraph 4.01.

4.02    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.02 that Defendant Diamondback is either a resident of, has a

principal office in, or conducts business in the State of Texas, and therefore denies these allegations. Pilot denies the rest of Paragraph 4.02.

4.03   Pilot denies Plaintiffs' allegations that this case is not removable to federal court but admits it is not removable on the basis of diversity. Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.02 regarding Defendant Diamondback's citizenship and any statements it has made on its website, and therefore Pilot denies these allegations. Pilot denies the rest of the allegations in Paragraph 4.03.

4.04   Pilot denies Plaintiffs' allegations that this case is not removable to federal court and that this case is not subject to any arbitration clause. Pilot only admits that it terminated Plaintiff's employment. Pilot denies the rest of the allegations in Paragraph 4.04.

4.05   Pilot only admits that Plaintiff was a DOT registered truck driver, that Plaintiff operated a DOT registered truck, that Plaintiff's job required him to remain in compliance with applicable state regulations, and that Pilot terminated Plaintiff's employment. Pilot denies the rest of the allegations in Paragraph 4.05.

**5.00   Rule 47 Statement of Monetary Relief Sought.**

5.01   Pilot denies the allegations in Paragraph 5.01.

**6.00   Statement of Facts.**

6.01   Pilot admits only that it employed Plaintiff Jeff Springman on or about October 10, 2019. Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.01 and therefore denies these allegations.

6.02   Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.02 and therefore denies these allegations.

6.03    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.03 and therefore denies these allegations.

6.04    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.04 and therefore denies these allegations.

6.05    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.05 and therefore denies these allegations.

6.06    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.06 and therefore denies these allegations.

6.07    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.07 and therefore denies these allegations.

6.08    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.08 and therefore denies these allegations.

6.09    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.09 and therefore denies these allegations.

6.10    Pilot specifically denies that the allegation in Paragraph 6.10 that "Pilot failed and refused to provide Plaintiff with any authorization or assistance in obtaining medical help." Pilot lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.10 and therefore denies these allegations.

6.11    Pilot only admits that it terminated Plaintiff from employment. Pilot specifically denies the allegations that Pilot terminated Plaintiff for "failing to provide medical documentation about his injuries" and that Plaintiff was not "eligible" for benefits under his ERISA-regulated Work Injury Benefit Program with Pilot. Pilot lacks knowledge and information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 6.11 and therefore denies these allegations.

6.12    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.12 and therefore denies these allegations.

6.13    Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.13 and therefore denies these allegations.

**7.00    Causes of Action:**

7.01    **Respondeat Superior.** Pilot incorporates by reference as if fully stated herein its answers and responses to Paragraphs 1.01 through 6.13 of Plaintiffs' last known pleading in this case. Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.01 with respect to Defendant Diamondback and therefore denies these allegations. Pilot denies the rest of the allegations in Paragraph 7.01.

7.02    **Negligence: PILOT.** Pilot incorporates by reference as if fully stated herein its answers and responses to Paragraphs 1.01 through 6.13 of Plaintiffs' last known pleading in this case. Pilot only admits that it is a non-subscriber to the Texas Workers' Compensation system. Pilot denies the rest of the allegations in Paragraph 7.02 and specifically denies the allegations in each of the enumerated subparagraphs and the two unnumbered paragraphs that immediately follow.

7.03    **Negligence: DIAMONDBACK.** Pilot incorporates by reference as if fully stated herein its answers and responses to Paragraphs 1.01 through 6.13 of Plaintiffs' last known pleading in this case. Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.03 and therefore denies these allegations.

**7.04** **Negligent Misrepresentation: DIAMONDBACK.** Pilot incorporates by reference as if fully stated herein its answers and responses to Paragraphs 1.01 through 6.13 of Plaintiffs' last known pleading in this case. Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.04 and therefore denies these allegations.

**7.05** **Gross Negligence: PILOT and DIAMONDBACK.** Pilot incorporates by reference as if fully stated herein its answers and responses to Paragraphs 1.01 through 6.13 of Plaintiffs' last known pleading in this case. Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations against Defendant Diamondback found in paragraphs 7.05(1)–(3) and therefore denies these allegations. Pilot specifically denies the rest of the allegations in paragraphs 7.05(1)–(3).

**8.00** **Damages.**

8.01   Pilot denies the allegations in Paragraph 8.01, including specifically denying all the allegations in each of the enumerated subparagraphs.

8.02   Pilot lacks knowledge and information sufficient to form a belief as to the truth of the allegations that Plaintiff O.G. Springman is the minor child of Jeffrey Springman and that she lives with Jeffrey Springman, and therefore Pilot denies these allegations. Pilot denies the rest of the allegations in Paragraph 8.02.

8.03   Pilot denies the allegations of Paragraph 8.03.

**9.00** **Costs and Interest.**

9.01   Paragraph 9.01 asserts that Plaintiffs seek recovery of court costs to which no response is required; to the extent a response is required, Pilot denies the allegations in this Paragraph, including specifically denying that Plaintiffs are entitled to any costs of court.

9.02   Paragraph 9.02 asserts that Plaintiffs seek recovery of pre- and post-judgment interest to which no response is required; to the extent a response is required, Pilot denies the allegations in this Paragraph, including specifically denying that Plaintiffs are entitled to any pre- and post-judgment interest.

**10.0   Jury Demand.**  Paragraph 10.0 asserts that Plaintiffs demand a jury trial and that they tendered a jury fee to the state court, so no response is required; to the extent a response is required Pilot denies the allegations in this Paragraph.

**11.00   Prayer.**  Paragraph 11.00 asserts a prayer for relief to which no response is required; to the extent a response is required, Pilot denies the allegations in this Paragraph.

## II.
### AFFIRMATIVE DEFENSES

1. Pilot alleges the following and additional affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure:

***First Defense*:**

2. Pilot affirmatively pleads the affirmative defense of arbitration and award as required by Rule 8(c)(1) of the Federal Rules of Civil Procedure.

3. On the date of the alleged occurrence, Plaintiff Jeff Springman was employed by Pilot, and the parties had previously entered into a mutual agreement to arbitrate, which requires all disputes, claims, and/or controversies between the parties arising out of the employment relationship to be resolved by an arbitrator under the terms of the parties' arbitration agreement. Therefore, Pilot seeks an order from the Court to compel arbitration of Plaintiff Jeff Springman's claims against Pilot and that this case be abated until the conclusion of the compelled arbitration proceeding.

*Second Defense:*

4. Pilot affirmatively pleads that all of Plaintiffs' claims against it are preempted by the Employee Retirements Income Security Act ("ERISA"), which is an affirmative defense. *See, e.g., Dueringer v. Gen. Am. Life Ins. Co.*, 842 F.2d 127, 301 (5th Cir. 1988) (holding that preemption under ERISA is an affirmative defense that must be pleaded or waived); *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995) ("ERISA preemption in a benefits-due action is an affirmative defense."); *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988).

*Third Defense:*

5. Pilot affirmatively pleads that Plaintiff Jeff Springman's own acts and/or omissions were the sole proximate cause of Plaintiffs' alleged injury.

*Fourth Defense:*

6. Pleading in the alternative, Pilot would show that Plaintiffs' damages were caused in whole or in part by the negligent acts, omissions, conditions, tangible items, and/or persons over which Defendant Pilot had no control, and that those acts, omissions, conditions, tangible items, and/or persons were the proximate, contributing, sole, new, and independent or subsequent intervening and superseding cause of Plaintiffs' damages.

*Fifth Defense:*

7. Pleading further and in the alternative, Pilot affirmatively pleads that Plaintiff Jeff Springman failed to mitigate his damages, including but not limited to, failing to seek prompt medical attention from an approved medical provider.

*Sixth Defense:*

8.     Pleading further and in the alternative, Pilot affirmatively pleads that Plaintiffs' recovery, if any, of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs as mandated by TEX. CIV. PRAC. & REM. CODE § 41.0105.

*Seventh Defense:*

9.     Pleading further and in the alternative, Pilot affirmatively pleads that it is entitled to a credit and/or offset against any recovery awarded to Plaintiffs for all payments made on their behalf in the form of supplemental salary or income payments and for all medical bills and related expenses paid by Pilot on Plaintiffs' behalf.

*Eighth Defense:*

10.    Pleading further and in the alternative, Pilot affirmatively involves the provisions of Chapters 32 and 33 of the Texas Civil Practices and Remedies Code with respect to a determination of comparative responsibility or contribution from any party, Defendant, third-party defendant, or settling person, and claims the right to make such election of credit for settlements as permitted by statute.

*Ninth Defense:*

11.    Pleading further and in the alternative, Pilot affirmatively pleads that it is entitled to all benefits and defenses available under Tex. Civ. Prac. & Rem. Code § 18.091 and that all evidence submitted regarding loss of earnings and loss of earning capacity must comply with the statutory requirements of such section.

*Tenth Defense:*

12.    Pilot reserves the right to plead and prove additional affirmative defenses that may become known during the course of investigation, disclosure, and discovery, including but not

limited to those defenses listed in Fed. R. Civ. P. 8(c). Pilot requests and reserves the right to amend this pleading to specifically state such further defenses as the matter proceeds.

***Eleventh Defense:***

13.     Pilot reserves the right to amend this pleading to include additional information or responses as they become available as the matter proceeds.

WHEREFORE, Defendant Pilot Travel Centers LLC respectfully requests that this Court dismiss Plaintiffs' claims with prejudice and without costs, enter judgment in favor of Pilot on all claims, and award Pilot its taxable costs and expenses as allowable by law.

Dated: April 28, 2023

Respectfully submitted,

**MCCATHERN, PLLC**

*/s/ Carl L. Evans, Jr.*
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Kristin M. Hecker
State Bar No. 24116499
khecker@mccathernlaw.com
Asher K. Miller (pro hac vice forthcoming)
State Bar No. 24131512
amiller@mccathernlaw.com
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662
Facsimile: (214) 741-4717

**ATTORNEYS FOR DEFENDANT PILOT TRAVEL CENTERS LLC**

## **CERTIFICATE OF SERVICE**

 I hereby certify that on April 28, 2023, a true and correct copy of the foregoing was served on all counsel of record.

*/s/ Carl L. Evans, Jr.*
Carl L. Evans, Jr.
