IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| JEFF SPRINGMAN, INDIVIDUALLY; §<br>AND LINDY LONG, AS NEXT FRIEND §<br>FOR O.G. SPRINGMAN (A MINOR), §<br>    *Plaintiff,* §<br>§<br>v. §<br>§<br>DIAMONDBACK E&P LLC, PILOT §<br>TRAVEL CENTERS LLC, §<br>    *Defendants.* § | PE:23-CV-00014-DC-DF |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Plaintiffs Jeff Springman and Lindy Long's ("Plaintiffs") Motion to Remand and Brief in Support ("Motion to Remand"). (Doc. 10). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court Recommends that the Plaintiff's Motion to Remand be **DENIED**. (Doc. 10).

### I. BACKGROUND

Defendant Pilot Travel Centers, LLC ("Pilot") removed this case from the 143rd Judicial District Court of Reeves County, Texas on April 18, 2023. (Doc. 1 at 1). The case arises from a workplace accident that occurred on October 10, 2019, when Plaintiff Jeff Springman ("Plaintiff"), working as a crude oil transport driver for Pilot, was engulfed in toxic vapors and lost consciousness on top of an oil tank. (Doc. 1-9 at 5, 8). Plaintiff suffered terminal physical injuries due to the exposure. (Doc. 1-9 at 5). Plaintiff filed his Original Petition on July 15, 2021 (Doc. 1-2 at 2). Plaintiff filed his First Amended Petition on July 30, 2021, naming Pilot as a party and

1

alleging that Pilot "negligently breached" four duties to Plaintiff as his employer. (Doc. 1-3 at 15). Specifically, Plaintiff alleged Pilot was negligent in:

- (a) failing to furnish Plaintiff with a safe place in which to work
- (b) requiring Plaintiff to expose himself to hazardous and toxic chemicals without having appropriate safety equipment readily available to him
- (c) failing to have appropriate safety policies and procedures in place at the time of the incident in question and
- (d) other acts of negligence to be established by discovery. (Doc. 1-3 at 15).

On March 19, 2023, Plaintiff filed his Second Amended Petition, the active pleading in the case, adding two additional duties breached by Pilot:

- (d) failing to adequately train or warn Plaintiff about the dangers of exposure to hydrocarbon gases…and the dangers of thief hatch sampling…
- (e) having policies or procedures that prevented or discouraged employees from receiving reasonably necessary medical care and treatment in the event of an injury or exposure in the workplace (Doc. 1-9 at 11).

Pilot subsequently removed the case to federal court on April 18, 2023. Pilot alleged the inclusion of a claim for negligence in "having polices or procedures that prevented or discouraged employees from receiving reasonably necessary medical care and treatment" relates to Pilot's Work Injury Benefit Program ("Benefit Program").[1] (Doc. 1 at 4–5). Since Pilot is a nonsubscriber to the Texas Workers Compensation system, the Employee Retirement Income Security Act (ERISA) of 1974 regulates the Benefit Program. (Doc. 1 at 4). Pilot alleged that Plaintiff's new

---

1. Pilot also pointed to language in the factual background section of Plaintiff's Second Amended Petition to support its contention that the added negligence claim "relates to" ERISA. Pilot mistakenly claimed Plaintiff added the language for the first time in the Second Amended Petition; however, the language originated in Plaintiff's First Amended Petition. (*See* Docs. 5 at 1; 1-3 at 14).

2

cause of action "directly relate[s] to how Pilot processed [Plaintiff's] putative benefits under an ERISA-regulated benefits plan;" thereby creating federal jurisdiction. (Doc. 1 at 6). Plaintiff then filed this Motion to Remand on May 17, 2023, contending Pilot's removal was untimely, and even if timely, does not preempt the state law negligence claims (Doc. 10 at 1, 7, 12). Pilot filed a Response in Opposition on June 8, 2023 (Doc. 15) to which Plaintiff filed a Response Motion on June 15, 2023 (Doc. 16). Defendants filed a surreply on July 10, 2023. (Doc. 18). Accordingly, these matters are ripe for disposition.

## II. LEGAL STANDARDS

Determining whether a particular case arises under federal law generally turns on the "well-pleaded complaint" rule, which states that the basis for federal jurisdiction must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted). Plaintiffs are masters of their own complaints and may generally allege only a state-law cause of action even where a federal remedy is also available. *Id.* That federal law might provide a defense to a state-law claim does not create federal question jurisdiction. *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

Complete preemption, however, serves as a narrow exception to the well-pleaded complaint rule, creating federal jurisdiction when "federal law [so] completely preempt[s] a field of state law that the plaintiff's complaint must be characterized as stating a federal cause of action, even if the complaint, on its face, contains only state law causes of action." *Tunchez*, 2009 WL 2615922, at *5–6 (citations omitted). The Employee Retirement Income Security Act (ERISA) governs this case. Under ERISA's civil enforcement provisions, provided in § 502(a), ERISA completely preempts any state law claim that falls within the scope of § 502(a). *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (holding "there is complete preemption jurisdiction over a claim that seeks relief 'within the scope of the civil enforcement provisions of [ERISA] §

3

502(a)." (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987))). Thus, complete preemption under ERISA § 502(a) serves as a narrow exception to the well-pleaded complaint rule, creating federal question jurisdiction in the absence of alleged violations of federal law. *Id.* at 437.

### III. DISCUSSION

There are two issues before the Court. First, the Court must determine whether the defendant timely removed the case to federal court. Second, assuming removal was timely, the Court must determine whether ERISA preempts Plaintiff's common law negligence claim, conferring subject matter jurisdiction. The Court addresses both arguments in turn below.

**A. Pilot Timely Removed the Case to Federal Court**

Plaintiff provides three instances in which Pilot failed to timely remove this case to federal court. First, Plaintiff contends Pilot's removal was untimely as to the First Amended Petition, served on Pilot more than 600 days before Pilot filed a Notice of Removal. (Doc. 10 at 14–15). Second, Plaintiff contends Pilot's removal was untimely as to the initial discovery disclosures constituting "other paper" under 28 U.S.C. § 1146(b)(3). (*Id.* at 15). Third, Plaintiff contends Pilot's removal was untimely as to receipt of the deposition transcript, also constituting "other paper" under § 1146(b)(3). (*Id.* at 16).

Pilot maintains removal was timely as it was within 30 days from receipt of the Second Amended Petition, when it first became ascertainable Plaintiff's claims were completely preempted under ERISA. (Doc. 15 at 9). Pilot specifically highlights the addition of claim (e) in Plaintiff's Second Amended Petition as the foundation for its Notice of Removal. (Docs. 1 at 3; 15 at 11–12).[2] Claim (e) alleges Pilot's negligence in "having policies or procedures that prevented

---

2. Pilot also highlights language in the factual background of Plaintiff's Second Amended Petition which stated that Pilot terminated Plaintiff "[o]n December 17, 2019, …for allegedly failing to provide medical documentation about

or discouraged employees from receiving reasonably necessary medical care and treatment in the event of an injury or exposure in the workplace. (Doc. 1-9 at 12).

Under statute, a defendant has thirty days to remove an action from state court to federal court after receipt of initial pleadings. 28 U.S.C. § 1446(b)(1). When the initial pleadings do not provide grounds for removability, a defendant may remove an action within 30 days of receipt of an "amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). This second 30-day opportunity for removal is known as the "other paper" exception. *Ramirez v. AAMCO Transmissions, Inc.*, No. 14-cv-340, 2014 WL 10181432 (W.D. Tex. Nov. 4, 2014). The Court now turns to whether Pilot was untimely in filing its Notice of Removal 30 days after receipt of the Second Amended Petition.

### 1. First Amended Petition Did Not Provide Grounds for Removal

The Court finds that Pilot's Notice of Removal was not untimely as to the First Amended Petition. Since Plaintiff did not bring a federal claim on the face of his First Amended Petition, but nested his claims in state common law, only an exception to the well-pleaded complaint rule could serve as the basis for removal. *See Lopez v. Truckers Transp. Alliance*, 465 F. Supp. 3d 689, 696–99; *see also* 28 U.S.C. § 1446(b)(1). Complete preemption, as described above, provides such an exception. *See Hammann v. United Servs. Auto Ass'n*, No. 04-ca-0406, 2005 WL 354315, at *4 (W.D. Tex. Jan. 18, 2005). In this case, it is undisputed that ERISA governs Pilot's Benefit Program (Doc. 15 at 31), and it is likewise undisputed that claims arising under ERISA § 502(a) are subject to complete preemption. *Hammann*, 2005 WL 354315, at *4–5. However, the Fifth

---

his injuries…and notified him that *he was not eligible for benefits under their occupational injury benefit plan.*" (Doc. 1 at 5) (emphasis in original). Pilot incorrectly states Plaintiff included this language for the first time in the Second Amended Petition; however, the same language was included verbatim in the First Amended Petition. (*See* Doc. 1-9 at 10).

Circuit has clearly held that state negligence actions for failure to maintain a safe workplace do not fall under the preemptive scope of ERISA. *Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 604 (5th Cir. 2006) (declining to find § 502(a) preemption for a state law negligence action for failure to maintain workplace safety); *McAteer v. Silverleaf Resorts Inc.*, 514 F.3d 411, 419 (declining to overturn Fifth Circuit precedent).

In his First Amended Petition, Plaintiff's claims relate solely to Pilot's inability to provide a safe workplace. (Doc. 1-9 at 11). While Plaintiff did reference Pilot's refusal of medical treatment and termination of Plaintiff's benefits under the Benefit Program in the statement of facts, these statements do not transform state negligence claims for failure to maintain workplace safety into claims arising under ERISA § 502(a). Therefore, the First Amended Petition did not provide grounds for removal, and Pilot was not required to issue a Notice of Removal within 30 days of the First Amended Petition.

**2. Initial Disclosures Did Not Provide Grounds for Removal**

The Court finds that Pilot's Notice of Removal was not untimely as to the initial disclosures served on September 13, 2020. The initial disclosures restated the factual summary provided in Plaintiff's First Amended Petition (Doc. 10-4 at 4–8). Further, the initial disclosures only included negligence claims against Pilot for workplace safety. (Doc. 10-4 at 8). The initial disclosures failed to convey grounds for removal in a manner similar to the First Amended Petition. Therefore, the initial disclosures did not notify Pilot that federal jurisdiction was ascertainable.

### 3. Deposition Testimony Did Not Provide Grounds for Removal

The Court finds that Pilot's Notice of Removal was not untimely as to receipt of the Deposition Transcript received on August 12, 2022. (Doc. 10 at 17).[3] The "other paper" exception to removal can apply when a defendant first ascertains the possibility of removal on receipt of a deposition transcript. *See Miner v. Stevens Transp., Inc*, No. 3:15-cv-00967, 2015 WL 5472896, at *3 (N.D. Tex. Sept. 17, 2015). The Fifth Circuit, however, has placed limitations on the use of the "other paper" exception. Only a plaintiff's voluntary act may qualify as an "other paper," and in federal question cases, the exception applies only to those instances where testimony is needed "to clarify the nature of the existing claim." *Hammann*, 2005 WL 354315, at *6; *Miner*, 2015 WL 5472896, at *3 (citing *Lukawski v. Flight Safety Tex., Inc.*, No. 3:09-cv-965, 2009 WL 2523808, at *2 (N.D. Tex. Aug. 17, 2009)).

Here, Plaintiff's testimony was not needed to clarify an *existing* claim. At the time of the deposition testimony, Plaintiff's only claims against Pilot were for failure to maintain a safe workplace. (*See* Docs. 1-3 at 15; 10 at 17). Plaintiff's counsel, during the deposition, acknowledges the First Amended Petition, the live petition at the time, did not include a claim for Pilot's failure to provide medical care. (Doc. 15 at 11). During the Deposition, Plaintiff's counsel gave the following response:

> Q (Pilot's Counsel): My question, sir, is in your lawsuit, do you make allegations and claims that Pilot failed to provide you with adequate medical care?
> A (Mr. Springman): Correct.
> Q: (Pilot's Counsel): But is it stated in your actual petition?
> A (Mr. Springman): Yes.
> **A (Mr. Springman's Counsel): It will be.**

---

3. In *Morgan v. Huntington Ingalls, Inc.*, the Fifth Circuit adopted "a bright-line rule" that "Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript" and not the oral testimony. 879 F.3d 602, 608–09, 612 (5th Cir. 2018) ("The defendant must actually 'receive' a 'copy' of the pertinent information. To say that a defendant receives a copy of the information upon oral testimony defies logic.").

(Doc. 15 at 11). Thus, the deposition transcript clarifies that, at the time of the First Amended Petition, Plaintiff did not bring claims under ERISA, and Plaintiff's testimony did not clarify an *existing* claim.

Plaintiff, however, asks the Court to consider Pilot's use of the word "explicitly" in its Response in Opposition to Plaintiff's Motion to Remand. (Doc. 16 at 3). Pilot stated: "Plaintiffs are essentially seeking benefits under the Program…. In Plaintiff Springman's deposition, he goes as far as to **explicitly** allege that he was denied medical care." (Doc. 16 at 3). The Court does not consider Pilot's use of the word "explicitly" as evidence that federal question jurisdiction was ascertainable at the time of the deposition. It was not until the Second Amended Petition that Plaintiff asserted a claim with any possible relation to ERISA.

Further, even if Plaintiff's responses do clarify the claims in the First Amended Petition so that federal question jurisdiction was ascertainable, Plaintiff's responses were involuntary. "Our sister court, the United States District Court for the Southern District of Texas, has consistently noted that the deposition of a plaintiff, when taken by the defendant, is 'not a completely voluntary act.'" *Hammann*, 2005 WL 354315, at *29. As a result, a plaintiff's deposition testimony when responding to a defendant's counsel does not provide grounds for removal. *Id.* As Plaintiff's answers in the deposition testimony were in response to Pilot's questioning, the testimony was involuntary. For these reasons, the deposition testimony did not provide grounds for removal, and Pilot was not required to issue a Notice of Removal within 30 days of transcript receipt.

The Court finds that the addition of claim (e) in the Plaintiff's Second Amended Petition was the first opportunity to ascertain federal question jurisdiction, and therefore, Pilot timely issued its Notice of Removal within 30 days from receipt of the Second Amended Pleading.

(Doc. 1). Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Motion to Remand be **DENIED** as to the claims for untimely removal.

### B. ERISA Preempts Plaintiff's State Law Negligence Claim

Finding Pilot timely removed the case to federal court, the Court now turns to whether ERISA preempts Plaintiff's state law negligence claim (e) for "policies or procedures that prevented or discouraged" employees from receiving medical care and treatment, thereby creating federal question jurisdiction. (Doc. 1-9 at 12). Plaintiff relies on well-established precedent in the Fifth Circuit that state common law negligence claims for failure to maintain a safe work environment are not preempted under ERISA. (Doc. 10 at 9); *see, e.g.*, *Hook v. Morrison Milling Co.*, 38 F.3d 776, 786 (5th Cir. 1994) (holding a "common law negligence claim which alleges only that the employer failed to maintain a safe workplace does not 'relate to' an ERISA plan); *Garrett v. Grant Prideco, L.P.*, No. H-08-3463, 2009 WL 1140454, at *11 (S.D. Tex. Apr. 27, 2009) ("The law is clear in the Fifth Circuit that a common-law negligence claim against an employer does not 'relate to' and is not preempted under § 514(a) of ERISA"); *Woods*, 459 F.3d at 604 (holding a state law negligence claim for failure to maintain a safe workplace not preempted under § 502 of ERISA). Pilot does not dispute this Fifth Circuit precedent. (Doc. 15 at 7). Rather, Pilot contends the "polices or procedures" Plaintiff references in his negligence claim are the "policies or procedures" created under Pilot's Benefit Program, an ERISA plan. (Doc. 15 at 7). Therefore, Pilot argues, the claim "relates to" ERISA, resulting in preemption. (*Id.* at 9).

There are two types of preemption under ERISA: complete preemption and conflict preemption. Complete preemption, under ERISA § 502(a), confers federal question jurisdiction, whereas conflict preemption, under ERISA § 514, serves only as a defense to a state law cause of action. *Arana*, 338 F.3d at 439–40. Despite only complete preemption conferring federal

jurisdiction, the Court addresses both preemption doctrines as Plaintiff's Motion to Remand devotes significant attention to § 514. (Doc. 10 at 9–14). [4]

### 1. Complete Preemption

ERISA's civil enforcement provision, § 502(a), 29 U.S.C. § 1132(a), holds "extraordinary pre-emptive power[,]" converting state common law claims into federal claims. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). As a result, when a state law cause of action in a complaint comes "within the scope of § 502(a)[,]" ERISA "recharacterizes" it as an action arising under federal law. *Metro. Life Ins. Co.*, 481 U.S. at 64 (holding the *Avco* principle extends to ERISA); *see Arana*, 338 F.3d at 440 (holding complete preemption only requires a claim under § 502(a)). "Put simply, there is complete preemption jurisdiction over a claim that seeks relief 'within the scope of the civil enforcement provision of § 502(a).'" *Arana*, 338 F.3d at 440 (quoting *Metro. Life Ins. Co.*, 481 U.S. at 66).

When complete preemption under § 502(a) applies, "state law claims are subject to removal based on federal question jurisdiction, and ERISA offers the sole framework for relief." *Pensado v. Life Ins. Co. of N. Am.*, No. 19-CV-157, 2019 WL 4889807, at *4 (W.D. Tex. Oct. 3, 2019), *R. & R. adopted*, No. 1:19-cv-157, 2020 WL 10056075 (W.D. Tex. Jan. 10, 2020). The Supreme Court in *Davila* created a two-part test for determining when ERISA completely preempts a state law cause of action. *Brushy Creek Fam. Hosp., LLC v. Blue Cross & Blue Shield*, No. 22-CV-00464, 2022 WL 6727278, at *5 (W.D. Tex. Oct. 11, 2022), *R. & R. adopted*, No. 1:22-cv-464, 2022 WL 17732683 (W.D. Tex. Nov. 15, 2022). "Under *Davila*, a party's state-law claim falls within the scope of § 502(a)(1)(B) and therefore is completely preempted if (1) an

---

[4]. Plaintiff and Pilot reference both §§ 502(a) and 514 in their briefs, but only explicitly mention the § 514 test. (Docs. 10 at 11–14; 15 at 4). Since, § 514 results in conflict preemption, not complete preemption, the Court preforms a § 502(a) analysis to determine the appropriateness of federal jurisdiction.

individual could have brought his claim under § 502(a)(1)(B), and (2) there is no independent legal duty that is implicated by the defendant's actions." *Id.* Pilot, as the party seeking removal, bears the burden of satisfying the two-part inquiry. *Id.*

The Court now turns to the *Davila* two-part inquiry to determine whether the case should be remanded to state court.

### i. Plaintiff Could Have Brought This Action Under ERISA

"The first part of the *Davila* inquiry requires the Court to determine whether [Plaintiff] could have brought his claim under § 502(a). In other words, the Court must determine whether Plaintiff has standing to sue under the ERISA statute." *Brushy Creek Family Hosp.*, 2022 WL 6727278, at * 2 (citing *Scott & White Mem'l Hosp. v. Aetna Health Holdings, LLC*, No. 17-cv-0075, 2018 WL 7377912, at *25 (W.D. Tex. Aug. 31, 2018)). Section 502(a)(1) empowers a participant or beneficiary of an ERISA plan to bring a civil suit. 29 U.S.C. § 1132(a)(1). As an employee of Pilot, Plaintiff was a plan beneficiary until his termination in December 2019. (Docs. 1 at 5; 1-9 at 10; 15 at 50 (documenting Plaintiff's signature as an employee of Pilot and eligible to receive work injury benefits under Pilot's Benefit Program)). Thus, Plaintiff has standing and could have brought this action under ERISA.

### ii. Texas Law Does Not Create an Independent Duty

The second part of the *Davila* inquiry leads to complete preemption of a state cause of action "where there is no other independent legal duty that is implicated by the defendant's actions." *Brushy Creek Fam. Hosp.*, 2022 WL 6727278, at *6. "A legal duty is not independent where interpretation of the terms of the benefits plan 'forms an essential part' of the plaintiff's claim and liability exists 'only because of' the ERISA plan." *Id.* (quoting *Davila*, 542 U.S. at 210). Where a plaintiff seeks plan benefits, enforcement of plan rights, or clarification of future plan

benefits, the claim falls within the scope of § 502(a), resulting in complete preemption. *See Woods*, 459 F.3d at 604. In such cases, the cause of action cannot exist "in precisely the same form as it was pleaded in state court" without the ERISA plan. *Id.*

Plaintiff specifically denies seeking plan benefits, and instead asserts that "Plaintiff wants the full justice he is entitled to under Texas law." (Doc. 16 at 2). Plaintiff further contends that his claim of negligent "policies or procedures" is not dependent on Pilot's Benefit Program because "under Texas, law 'while a person is…under no legal duty to come to the aid of another in distress, he is under a duty to avoid any affirmative act which might worsen the situation." (*Id.*). Pilot contends that Plaintiff's state law cause of action for negligent "policies or procedures" serves as an "alternative enforcement mechanism" to obtain ERISA plan benefits, conflicting with Congressional intent because Congress did not intend to authorize remedies beyond those provided in § 502(a) of ERISA. (Doc. 15 at 5 (citing *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326 (4th Cir. 2007)).[5]

The Court finds Plaintiff's negligence claim against Pilot for "having policies or procedures that prevented or discouraged employees from receiving reasonably necessary medical care and treatment" unable to exist in the absence of the ERISA plan. Plaintiff roots his negligence claim within Pilot's Benefit Program, claiming the terms of the program itself "prevented or discouraged" employees from seeking medical care and treatment. (*See* Doc. 1-9 at 8–9 (describing Plaintiff's attempts to follow the procedures laid out in the Benefit Program and not receiving authorization for medical treatment)). As a result, Plaintiff challenges the administration

---

5. This Court addressed Congress's intent with respect to remedies under § 502(a) in *Sims v. Oil Daddy*. "ERISA contains an 'integrated enforcement mechanism' that is 'essential to accomplish Congress' purpose of creating a comprehensive statue for regulation of employee benefit plans.' Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Sims v. Oil Daddy, LLC*, No. 22-CV-00107, 2022 WL 19575586, at *1 (W.D. Tex. Dec. 28, 2022) (quoting *Davila*, 542 U.S. at 207-09) (citations omitted).

of the program, "inextricably link[ing]," his denied attempts to seek medical treatment to the terms of the Benefit Program. *See Brushy Creek Fam. Hosp.*, 2022 WL 6727278, at * 5.

Further, determining whether Pilot was negligent in "having policies or procedures" that prevented Plaintiff from receiving medical treatment after his workplace accident, will require an interpretation of the Benefit Program's "policies or procedures." *See Davila*, 542 U.S. at 213. Thus, interpretation of the Benefit Program "forms an essential part" of Plaintiff's claim for liability. *Id.* (finding that "interpretation of the terms of the respondents' benefit plans form[ed] an essential part" of the claim, and thus, the potential liability "derived entirely from the particular rights and obligations established by the benefit plans."). As a result, Plaintiff's cause of action cannot exist "in precisely the same form as it was pleaded in state court" without the ERISA plan. *See Woods*, 459 F.3d at 604.

Because Texas state law does not create an independent legal duty, the Court finds the second part of the *Davila* inquiry satisfied. Accordingly, Plaintiff's claims are completely preempted by ERISA.

### 2. Conflict Preemption

The Court now turns to whether conflict preemption applies. Unlike complete preemption, conflict preemption does not provide grounds for removal but serves only as a defense to a state claim. *Nixon v. Vaughn*, 904 F. Supp. 2d 553, 560-61 (W.D. La. 2012). ERISA § 514 provides that ERISA "shall supersede any and all State laws insofar as they may now or hereinafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added); *id*. The Fifth Circuit devised a two-part test to determine whether a state law claim "relates to" an ERISA plan, resulting in conflict preemption. *Hook*, 38 F.3d at 781.

In the Fifth Circuit, a state law claim "relates to" ERISA when (1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of the ERISA plan; and (2) the claim directly affects the relationship among the traditional ERISA entities. *Hook*, 38 F.3d at 781 (citing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990)).[6] Claims within the scope of § 502(a) "will rarely, if ever, differ from the set of claims that 'relate to' an ERISA plan under § 514(a)." *Woods*, 459 F.3d at 603.

Since conflict preemption under § 514 does not confer federal jurisdiction, the doctrine of conflict preemption does not apply in this case. *Arana*, 338 F.3d at 440 n.10 (holding only complete preemption required for removal jurisdiction and declining to consider conflict preemption under § 514); *see Pensado*, 2019 WL 4889807, at *4. However, even if § 514 did apply, claim (e) in Plaintiff's Second Amended Petition falls within the scope of ERISA § 502(a), as described in detail above, and therefore "will rarely, if ever, differ from the set of claims that 'relate to' an ERISA plan under § 514(a)." *Woods*, 459 F.3d at 603.

Accordingly, the Court finds that conflict preemption does not apply for the purposes of determining federal jurisdiction. If conflict preemption were to apply, however, Plaintiff's claim likely relates to ERISA, as claim (e) "seeks relief 'within the scope of the civil enforcement provision of § 502(a).'" *Arana*, 338 F.3d at 440 (quoting *Metro. Life Ins. Co.*, 481 U.S. at 66). Therefore, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**.

---

6. Plaintiff directs the Court's attention to the *Grable* doctrine as an alternative means to determine whether the state law cause of action gives rise to a federal issue. (Doc. 10 at 10). For questions of whether a claim "relates to" ERISA, the Fifth Circuit expressly established a two-part test in *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990). Thus, the Court applies the Fifth Circuit's two-part test.

## IV. RECOMMENDATION

Based on the above reasoning, the undersigned Magistrate Judge finds that Pilot met its burden in showing federal question jurisdiction exists. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**. (Doc. 10).

SIGNED this 4th day of October, 2023.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

### **INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).